[No. 1393.]

JAMES WYERS v. THE STATE.

1. PRACTICE—EVIDENCE.—Under the elementary rule that the best evidence of which a case is susceptible must be produced, it was error to permit a witness to testify to the entries in a memorandum book without having first complied with the rules governing the production of secondary evidence.
2. SAME—CHARGE OF THE COURT.—When a prosecution has been conducted upon circumstantial evidence only, it is the imperative duty of the court to instruct the jury in regard to the nature and effect of such evidence.
3. EVIDENCE—NEW TRIAL.—See the case of *Ray* v. *The State, ante,* p. —, for the same testimony upon which this conviction was secured, and which is held insufficient to sustain a conviction for theft; wherefore a new trial should have been granted, especially in view of the fact that one of the jurymen informed others of a material statement not in evidence.

APPEAL from the District Court of Falls. Tried below before the Hon. B. W. Rimes.

This is the companion case of D. H. Ray, *ante,* p. 51, under a joint indictment for the theft of a steer, the property of C. W. Hickerson. The conviction was secured upon the same evidence which is reported in full in Ray's case. The punishment assessed against the appellant was a term of two years in the penitentiary.

This appellant's application for a continuance set up the same facts set up by Ray in his application, showing the same diligence. This application, however, included the absent witnesses, Gibson and McPherson, asserting that by the latter the appellant expected to prove that he was in no way concerned in the transactions between Rickelman and his co-defendant Ray, and that he at no time was concerned in the handling of the animal alleged to be stolen.

*Oltorf & Holland,* and *C. B. Pearre,* for the appellant.

*H. Chilton,* Assistant Attorney General, for the State.

WILLSON, J. The defendant was indicted jointly with D. H.

Ray for the theft of a steer, and upon a separate trial was convicted. The evidence is wholly circumstantial.

Upon the trial, a witness for the State testified that the animal alleged to have been stolen, and another one, were pointed out to him by the defendant Ray in presence of defendant Wyers, and that Ray put down the brands of the two animals in a little memorandum book which the witness had, and said they were the correct brands. The witness stated that he did not have this book with him at the trial—that it was probably at his home, and that he had made no search for it. The county attorney then asked the witness what were the brands put down in the little book by Ray. The defendant objected to the witness answering this question because the book was the best evidence of its own contents, and no proof of its loss had been made, etc. The objection was overruled, and the witness answered, in substance, that the brands which Ray put down in the book were different from the brands on the animals, but he did not remember but one of the brands which was put down in the book. The defendant excepted to the ruling of the court in admitting this evidence, and presents the question in a bill of exceptions.

The evidence thus admitted was of a most material character in view of the facts of this case. It bore directly upon the *intent* of the defendants in setting up a claim to the alleged stolen property. It tended to show a fraudulent intent with reference to the property. It is an elementary rule governing the production of evidence that in all cases the best evidence which the nature of the case admits of must be produced. (1 Black. Com., book 3, side page 371; 1 Greenl. Ev., 82; Burrill's Cir. Ev., 730.) The book in which the brands were put down by Ray was the best evidence of what those brands were. It was documentary evidence, and unless its absence was accounted for (which was not done), it was error to permit the witness to testify as to its contents. (*Porter* v. *The State*, 1 Texas Ct. App., 396; *Sager* v. *The State*, 11 Texas Ct. App., 110; Wharton's Cr. Ev., 567 *et seq.*, 199, 206.)

The evidence in this case being wholly circumstantial, the court erred in not instructing the jury in regard to the character of such evidence. (*Ray* v. *The State* and authorities there cited, *ante*, 51.)

We are furthermore of the opinion that the court erred in refusing to grant the defendant a new trial. The evidence is, to

our minds, not only unsatisfactory, but wholly insufficient to es-
tablish the guilt of the defendant with that degree of certainty
demanded by the law in all criminal trials, and the meagreness
of the evidence, when taken in connection with the fact that
one of the jurors who tried the case knew and stated to some of
his fellow-jurymen a material fact tending directly to establish
the guilt of the defendant, and which fact was not in evidence,
made it incumbent upon the court below to set aside the verdict
of conviction and grant the defendant a new trial.

The judgment is reversed and the cause remanded for a new
trial.

*Reversed and remanded.*

Opinion delivered October 21, 1882.